Filed 10/25/24  P. v. Wilford CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083442, D083443 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCS256542 & SCD261253) |
| JOHNNY JEROME WILFORD, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General.

I

INTRODUCTION

The trial court sentenced defendant Johnny Jerome Wilford to state prison in two separate criminal proceedings and imposed, but stayed, a prison prior enhancement under former Penal Code section 667.5, subdivision (b).[1] Subsequently, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.), which added section 1171.1 to the Penal Code. That statutory provision, which has since been renumbered as section 1172.75, declares most previously imposed prison prior enhancements legally invalid (§ 1172.75, subd. (a)), and it compels trial courts to recall the sentence of any inmate who is currently serving a term for a judgment with a now-invalid prison prior enhancement and to resentence the inmate (*id.*, subds. (c)–(d)).

In the proceedings below, Wilford argued he was entitled to resentencing under section 1172.75 because he was serving time for a judgment that included an invalid—albeit stayed—prison prior enhancement. However, the trial court denied relief on the basis that section 1172.75 applies only when an inmate's sentence includes a prison prior enhancement that the sentencing court imposed *and executed* (rather than imposed *and stayed*).

The Courts of Appeal are divided on whether section 1172.75 applies to an inmate when his or her sentence includes an otherwise-qualifying prison prior enhancement that was imposed and stayed, or whether it applies only when the inmate's sentence includes a prison prior enhancement that was imposed and executed. (Compare *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*) [resentencing is available when prison prior enhancement is imposed and punishment is stricken]; *People v. Mayberry* (2024) 102

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853 [resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189 [same]; and *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same]; with *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].) In *Christianson*, this court determined that section 1172.75 applies where, as here, the sentencing court imposed and then stayed a prison prior enhancement. (*Christianson,* at pp. 311–317.)

We adhere to the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75. Therefore, we reverse the order denying relief to Wilford and remand the matter to the trial court with directions to recall the sentence and conduct a full resentencing proceeding under section 1172.75, subdivisions (c) and (d).

II

BACKGROUND

A. *The Judgments of Conviction*

In 2012, in Case No. SCS256542, Wilford pleaded guilty to one count of false imprisonment by force (§§ 236, 237; count 3) and admitted a prison prior enhancement (former § 667.5, subd. (b)) arising from a 2010 conviction for assault with a semi-automatic firearm. The trial court imposed a four-year prison sentence, suspended execution of the sentence, and placed Wilford on formal probation for three years. The court later revoked probation and sentenced Wilford to prison for eight months on the false imprisonment

3

conviction (one-third the midterm), which it ran consecutively to a prison sentence imposed in a separate criminal matter, Case No. SCD261253.

In 2015, in Case No. SCD261253, a jury found Wilford guilty of one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 1), one count of battery with serious bodily injury (§ 243, subd. (d); count 2), one count of resisting an executive officer (§ 148, subd. (a)(1); count 4), and two counts of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a); counts 5 and 6).  It also found true a sentencing enhancement allegation that Wilford personally inflicted great bodily injury on a person other than an accomplice in the commission of count 1 (§ 12022.7, subd. (a)).  In a bifurcated bench trial, the court found true a prison prior enhancement (former § 667.5, subd. (b)), a serious felony prior enhancement (§ 667, subd. (a)(1)), and a strike prior (§§ 667, subds. (b)–(i), 1170.12), all arising from Wilford's 2010 conviction for assault with a semi-automatic firearm.  The court initially sentenced Wilford to an aggregate prison term of twenty-one years and four months.  However, following a direct appeal of the judgment of conviction (*People v. Wilford* (2017) 12 Cal.App.5th 827), the court resentenced Wilford to an aggregate prison term of twenty-two years.  As part of the sentence, the court imposed and stayed execution of a one-year term for the prison prior enhancement.

B. *The Resentencing Proceedings*

After the enactment of Senate Bill No. 483, the California Department of Corrections and Rehabilitation (CDCR) identified Wilford as an inmate who was serving a sentence that included a prison prior enhancement under former section 667.5, subdivision (b), which may be invalid under section 1172.75.  The trial court appointed a public defender for Wilford and solicited

4

briefing from the parties to determine Wilford's eligibility for recall of his sentence and resentencing under section 1172.75, subdivision (c).

In his written briefing, Wilford argued he was entitled to a recall of his sentence and a full resentencing because he was serving a term of incarceration for a judgment that included a prison prior enhancement the Legislature had deemed invalid after its imposition. The district attorney took the position that sentence modification was unwarranted because Wilford was not serving additional time in prison for his stayed prison prior enhancement. The district attorney contended section 1172.75 allows for a recall of an inmate's sentence and resentencing only when the sentencing court imposes and executes (rather than imposes and stays) a qualifying prison prior enhancement.

The trial court held a hearing on the matter and denied relief to Wilford. Wilford filed a timely notice of appeal from the trial court's order.

III

DISCUSSION

On appeal, Wilford contends his stayed one-year prison prior enhancement is legally invalid under section 1172.75, subdivision (a), and, therefore, the trial court erred when it declined to recall his sentence and resentence him under section 1172.75, subdivisions (c) and (d). For reasons we shall explain, we agree with Wilford.

A. *Statutory Framework*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free from custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison

5

prior enhancement.  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in which the defendant's past convictions were for certain specified sexually violent offenses.  (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] ... Senate Bill [No.] 136 ... to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]."  (Stats. 2021, ch. 728, § 1.)  To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)  For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75, subdivision (a), declares, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ... is legally invalid," except for certain specified prison prior enhancements based on past convictions for sexually violent offenses. (§ 1172.5, subd. (a).)  Subdivision (b) compels the CDCR and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and to provide the person's name, birth date, and identifying case information to the court that sentenced the person.  (*Id.*, subd. (b).)  Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a)."  (*Id.*, subd. (c).)  "If the court determines that the current

judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Section 1172.75, subdivision (d), outlines the procedures applicable to the resentencing proceeding. It states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing ... shall not result in a longer sentence than the one originally imposed." (§ 1172.5, subd. (d)(1).) It requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

B. *Application*

The question at issue here is whether a prison prior enhancement based on a past conviction for a non-sexually violent offense is "imposed" for purposes of section 1172.75, subdivision (a), when the sentencing court imposes *and then stays* the enhancement, or, alternatively, whether a prison prior enhancement is "imposed" only when the court imposes *and then executes* the enhancement. This question is central to resolving the current

7

dispute because the recall and resentencing procedures set forth in section 1172.75, subdivisions (c) and (d), apply only when an inmate is serving a term for a judgment with a sentencing enhancement described in subdivision (a)—i.e., an enhancement that was "imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ...."  Because this is a question of law, we apply a de novo standard of review.  (*Christianson*, *supra*, 97 Cal.App.5th at p. 308, 310, review granted.)

In *Christianson*, our court concluded, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous.  As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed.[']  However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' "  (*Christianson*, *supra*, 97 Cal.App.5th at p. 311, review granted.)  "Section 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).'  (§ 1172.75, subd. (b), italics added.)  A judgment may include a sentence that has been imposed but suspended or stayed.  [Citation.]  Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed.  Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so."  (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311–312, review granted.)

Removal of a stayed enhancement provides the statutorily proscribed relief to the defendant insofar as it eliminates the potential of an increased sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; see also *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674—675, review granted.) When an enhancement is imposed and stayed, the court "retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Thus, it follows that "removing the stayed term from the abstract of judgment results in a 'lesser sentence than the one originally imposed.' " (*Ibid.*; see also *Espino, supra*, 104 Cal.App.5th at p. 197 ["elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a lesser sentence than the one originally imposed"]; *Saldana, supra*, 97 Cal.App.5th at p. 1278 [rejecting argument "that defendants serving sentences with stayed enhancements will not be subject to a lesser sentence … if their enhancements are stricken"], review granted.)

Further, we cannot ignore that section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, review granted.) To condition an inmate's eligibility for resentencing on whether the sentencing enhancement was *executed* would, in our view, maintain—or, at the very least, do less to alleviate—these existing disparities. Moreover, our construction of section 1172.75 comports with "the rule of lenity's overriding principle that, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants." (*Espino*, *supra*, 104 Cal.App.5th at p. 198.)

9

In sum, we adopt the analysis and conclusions from *Christianson* as though they were set forth in full in this opinion.  Applying *Christianson*, we conclude the trial court erred when it denied relief to Wilford.  The sentencing court imposed and stayed the prison prior enhancement arising from Wilford's prior conviction from 2010.  Thus, the prison prior enhancement is legally invalid under section 1172.75, subdivision (a).  Because Wilford is serving a prison term for a judgment with a legally invalid prison prior enhancement, the trial court must recall the sentence and conduct a full resentencing proceeding.  (§ 1172.75, subd. (c); see *Saldana, supra*, 97 Cal.App.5th at p. 1276, review granted [" 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.' "].)  During the resentencing proceeding, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)[2]

---

[2]     Because we are reversing the denial order for the grounds stated herein, we do not address Wilford's alternative claim that the trial court violated his right to be present at all critical stages of a criminal proceeding by conducting the hearing on his resentencing request in his absence.

10

IV

DISPOSITION

The denial order is reversed and the matter is remanded to the trial court with directions to recall the sentence and conduct a full resentencing proceeding pursuant to Penal Code section 1172.75, subdivisions (c) and (d).


McCONNELL, P. J.

WE CONCUR:


IRION, J.


KELETY, J.

11